10-4222-cv
M.B. ex rel. L.C., et al. v. Minisink Valley Cent. Sch. Dist.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand thirteen.

Present:     JOSEPH M. McLAUGHLIN,
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                      *Circuit Judges*.

———————————————————————————————

M.B., ON BEHALF OF HER MINOR SON, L.C.,
AND ON HER OWN BEHALF,

                *Plaintiff-Counter-Claimant-Counter-Defendant-Appellant*,

              -v-                                          10-4222-cv

MINISINK VALLEY CENTRAL SCHOOL DISTRICT,


                *Defendant-Counter-Claimant-Appellee*.

———————————————————————————————

Appearing for Appellant:     MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY.

Appearing for Appellee:      MARK C. RUSHFIELD, Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY.

Appeal from the United States District Court for the Southern District of New York (Gwin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-Appellants (hereinafter "Plaintiffs") appeal the October 13, 2010 judgment of the district court (Gwin, *J.*) denying tuition reimbursement for the 2007-2008 school year under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et. seq.* The district court's decision affirmed the decision of the State Review Officer ("SRO"), which had reversed the decision of the Impartial Hearing Officer ("IHO"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"If a state fails in its obligation to provide a free appropriate public education to a handicapped child, the parents may enroll the child in a private school and seek retroactive reimbursement for the cost of the private school from the state." *Frank G. v. Bd. of Educ. of Hyde Park*, 459 F.3d 356, 363 (2d Cir. 2006). To determine whether reimbursement is warranted, the Supreme Court has established the three-pronged *Burlington/Carter* test, which first asks "(1) was the IEP [individualized education program] proposed by the school district inappropriate; [and] (2) was the private placement appropriate to the child's needs[;]" and then looks to (3) "equitable considerations relating to the reasonableness of the action taken by the parents." *Id.* at 363-64 (internal quotation marks and brackets omitted); *see also Florence Cnty. Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7, 12-13 (1993); *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359, 370 (1985). "[T]he IDEA mandates that states provide 'impartial due process hearings'" under which parties may pursue their claims. *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012). In New York, parties first bring their claims before an IHO, who is subject to review by the SRO. *Id.* "Either party may then bring a civil action in state or federal court to review the SRO's decision." *Id.*

When reviewing state education decisions under the IDEA, federal courts "must give due weight to the state proceedings, mindful that we lack the specialized knowledge and experience necessary to resolve questions of educational policy." *Id.* at 189 (internal quotation marks and alterations omitted). "[T]he district court's [review of state proceedings] will hinge on the kinds of considerations that normally determine whether any particular judgment is persuasive, for example whether the decision being reviewed is well-reasoned, and whether it was based on substantially greater familiarity with the evidence and the witnesses than the reviewing court." *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 244 (2d Cir. 2012). When the IHO and SRO decisions conflict, the district court defers to the SRO's decision as the "final decision of the state authorities." *R.E.*, 694 F.3d at 189 (internal quotation marks omitted). "[T]he district court should afford more deference when its review is based entirely on the same evidence as that before the SRO than when the district court has before it additional evidence that was not considered by the state agency." *M.H.*, 685 F.3d at 244. Keeping in mind this "circumscribed" role, the district court "engage[s] in an independent review of the administrative record and make[s] a determination based on a preponderance of the evidence." *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007) (internal quotation marks omitted). We review the district court *de novo*. *Id.*

The sole issue in this case is whether, under the second prong of *Burlington/Carter*, M.B.'s placement of L.C. at the Family Foundation School ("FFS") was appropriate. Plaintiffs "bear the burden of establishing the appropriateness of their private placement." *R.E.*, 694 F.3d at 185. The appropriateness of a placement turns on whether it "is reasonably calculated to enable the child to receive educational benefits." *Frank G.*, 459 F.3d at 364 (internal quotation marks omitted). In making this determination, courts look to the "totality of the circumstances"

2

and "[n]o one factor is necessarily dispositive." *Id.* A "unilateral private placement is only appropriate if it provides education instruction *specifically* designed to meet the *unique* needs of a handicapped child." *Gagliardo*, 489 F.3d at 115 (internal quotation marks omitted).

Here, Plaintiffs argue that the district court applied an incorrect legal standard in assessing the appropriateness of L.C's placement. We cannot agree. L.C. suffered from severe emotional and behavioral problems and difficulties with organizational skills, executive functioning, and fine motor skills. Reviewing the child's placement in FFS, the SRO found the school to be an inappropriate placement because, based on the hearing record, the school failed to develop an individualized academic program; because it failed to provide specific support to address L.C.'s difficulties with organizational skills, executive functioning, and fine motor skills; and because its behavioral program, which involved sanctions and time-outs, was inappropriate. These determinations are exactly the types of "[d]ecisions involving a dispute over an appropriate educational methodology" that we have held should be afforded more deference by reviewing courts. *M.H.*, 685 F.3d at 244. The SRO also found that, while FFS *did* offer L.C. counseling sessions, Plaintiffs failed to provide sufficient evidence to determine whether the sessions were appropriate to meet the student's needs. This finding is supported by the record. The district court, in reiterating those findings, did not apply an incorrect legal standard. Rather, it properly gave due weight to the opinion of the SRO.

Plaintiffs also argue that the district court did not appropriately take into account L.C.'s progress at FFS. Here, the district court had the benefit of additional evidence not considered by the SRO, in the form of L.C.'s final report card and evidence of progress in individual, group, and family counseling. We have held that less deference is required by the district court when it "has before it additional evidence that was not considered by the state agency" and when considering "determinations concerning whether there have been objective indications of progress." *Id.* However, while both the hearing record and additional evidence show that L.C. made some academic and behavioral progress while at FFS, we have held "such progress does not itself demonstrate that a private placement was appropriate." *Gagliardo*, 489 F.3d at 115. In light of the "totality of the circumstances," *Frank G.*, 459 F.3d at 364, the district court properly found that Plaintiffs did not meet their burden of showing by the preponderance of the evidence that FFS was an appropriate placement.

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3